Richardson, Ch. J.,
delivered the opinion of the court:
The claimant, who is a boatswain, a warrant officer, in the Navy, claims rations or commutation therefor while attached to and serving on a receiving ship.
His claim is founded upon the following sections of the Revised Statutes:
“ Sec. 1578. All officers shall be entitled to one ration, or to commutation therefor, while at sea or attached to a sea-going vessel.
*117 11 Sec. 1579. No person not actually attached to and doing duty on board a sea-going vessel, except the petty officers, seamen, and ordinary seamen attached to receiving ships or to the ordinary of a navy-yard, and midshipmen, shall be allowed a ration.” ■
The claimant contends that whatever interpretation might be given to section 1579 if it stood alone, when taken in connection with section 1578, the two together correctly construed entitle him to rations, because while on board of the Franklin, a receiving ship, he was performing service “ at sea ” within the meaning of those words as defined by the decisions in Symonds’s Case (21C. Cls. R., 148), affirmed on appeal (120 U. S. R., 46); Strong’s Case (23 C. Cls. R., 11), affirmed on appeal (125 U. S. R., 656).
We can not accept the claimant’s interpretation. Section 1579 is a limitation upon section 1578. The one gives and the other takes away, and that alone which remains stands as the law.
To entitle officers and other persons, with some exceptions, to rations, they must be either at sea, or actually attached to and doing duty on “a sea-going vessel,” whether such vessel be at sea or not. That Congress intended to exclude receiving ships from those designated as sea-going vessels is conclusively shown by the exception in section 1579, which, after prohibiting the allowance of rations to persons not on a sea-going vessel, excepts petty officers, seamen, and ordinary seamen attached to receiving ships.
An exception is part of what is previously described, and not of something else.
The decisions in the Symonds and Strong cases have no application to the present claim. The only question there was whether or not the officers were performing service at sea” within the meaning of Revised Statutes, section 1556, which fixes the pay proper, or salary, of officers at different rates when employed on shore or at sea, without reference to the character of the vessel- on which they are employed. Those cases were not complicated by the provisions of sections 1578 and 1579, respecting rations, and did not involve the construction of those sections as to whether or not a receiving ship was a sea-going vessel.
*118 The judgment of the court is that the claimant has no cause of action, and his petition must be dismissed.
■ Nott, J., did not sit in this case and took no part in the decision.